

FILED

FEB - 5 2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    Case No. 06-10002-A-7

VICTORIA L. LANDSEADAL

    Debtor.
_____/

VICTORIA L. LANSEADAL,           Adv. No. 08-1025

   Plaintiff,

  vs.

VICTOR TOKACH,

   Defendant.
_____/

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

  Trial in this matter was held September 3, 2009.  Following
the trial, the court took the matter under submission.  This
memorandum contains findings of fact and conclusions of law
required by Federal Rule of Bankruptcy Procedure 7052 and Federal
Rule of Civil Procedure 52.  This is a core proceeding as defined
in 28 U.S.C. §157(b)(2)(I).

  While the issues in this case are convoluted, the background
facts are fairly straightforward.  Victoria Lanseadal
Rountree(the "Debtor" or "Landseadal") filed her chapter 7
petition on January 3, 2006.  On or about October 28, 2000, she
and defendant Victor Tokach ("Tokach") were married.  On

September 22, 2003, Tokach filed a Petition for Marital
Dissolution.  The parties dispute the date of their separation,
with Landseadal asserting it was August 23, 2002, and Tokach
asserting it was August 30, 2003.  On or about November 11, 2005,
dissolution of the marriage was granted in the state court
marital dissolution action.

Prior to the marriage, Landseadal had been employed by
Kaiser Permanente.  She asserted that she was the subject of
harassment related to her employment in 1999 and was placed on
leave in about June 2001.  She pursued a personal injury claim
because of the harassment and a related worker's compensation
claim.  She also filed a claim for injuries suffered in an
automobile accident approximately June 2002.  Landseadal settled
each of these claims prior to the time she filed bankruptcy and,
she asserts, after she separated from Tokach. Landseadal asserts
that she used all proceeds from the claims to pay expenses
related to the claims and other community expenses.

Landseadal filed her bankruptcy petition in January 2006.
By that time, her settlement proceeds had been all spent.  She
scheduled no real property assets, and all her personal property
assets were exempted.  She listed Tokach as a creditor for notice
purposes only on Schedule F.  The chapter 7 trustee determined
that the case was a "no asset" case, and the case was closed with
no distribution to creditors.

Prior to the time the case was closed, Tokach had filed a
timely complaint to determine amount and dischargeability of
debts "pursuant to 11 U.S.C. § 523(a)(2), (4), (6), and (15)."
That complaint asserts that Tokach was defrauded by Landseadal;

2

that she obtained money by fraud or defalcation while acting in a
fiduciary capacity; that she obtained money by embezzlement; and
that she wilfully and maliciously injured him.  He also asserts
as follows:

> "64.  The Divorce proceedings have not been concluded as of
> the filing of this complaint.  However a motion for relief
> from the automatic stay has been filed requesting that the
> divorce proceedings and all ancillary actions be allowed to
> be completed in state court.  Whether those proceedings are
> concluded in state court or in the bankruptcy court, a
> determination as to obligations between the spouses will be
> determined [sic] regarding the division of marital property
> and obligations.
>
> 65.  Whatever obligations that are determined owing from
> Defendant to Plaintiff should not be discharge [sic]
> pursuant to § 523(a)(15)."

The prayer in that complaint filed by Tokach states:

> "WHEREFORE, Plaintiff prays that this court render judgment
> as follows:
>
> 1.  That Defendant owes Plaintiff the amount according to
> proof based on her diversion of funds, forging of checks and
> removal of personal property ("Obligation").
>
>        . . .
>
> 6.  That the obligation is not dischargeable in bankruptcy
> pursuant to § 523(a)(15)."

The 2006 complaint was never litigated because Tokach failed
to pursue it.  On September 13, 2006, the court entered an order
dismissing the adversary proceeding for failure to prosecute the
case.  Subsequently, Landseadal obtained her discharge.

After that, Tokach asked the state court in the marital
dissolution proceeding to entertain his argument that he is
entitled to money from Landseadal.  Initially, the state court
made "Findings and Order After Hearing" ruling against Tokach and
finding that the funds Landseadal received in satisfaction of her
worker's compensation case against Kaiser Permanente were her

separate property; that the funds she received in settlement of
her civil harassment and breach of privacy lawsuit against Kaiser
Permanente were her separate property; and that the funds she
received as a result of the automobile accident were awarded to
her as the injured spouse under Family Code § 2603.  Further, the
court found that this was a short term marriage and that the
economic needs of the parties were such that Landseadal was not
working due to her disability.

Importantly, the state court also stated:

> "Husband [Tokach] may still have issues regarding the
> commingling of separate property funds with community
> property and/or the date of separation of the marriage.
> Therefore, Wife is ordered to account for the above-
> described funds by specifying the amount received and
> support the separate property integrity by appropriate
> tracing methods."

Tokach moved for reconsideration, and as a result thereof,
the partial summary judgment that resulted from those findings
was set aside.

A case management conference in state court was set for
April 11, 2007.  In the meantime, Landseadal came back to
bankruptcy court and filed an adversary proceeding "to determine
dischargeability of debt, for injunction, and for damages for
contempt of court."  It is that adversary proceeding that led to
this trial.

There can be no question that to the extent Tokach has
claims based on Bankruptcy Code § 523(a)(2), (a)(4), or (a)(6),
those claims have been discharged.  He filed a complaint to
determine dischargeability, and the complaint was dismissed for
failure to prosecute.  Landseadal received her discharge under
chapter 7, discharging any claim arising from the kind of conduct

4

described in those sections.

Tokach's claim under § 523(a)(15) is somewhat more complex. That section as amended in October 2005 states that a chapter 7 discharge does not discharge an individual debtor from any debt

> "to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of the divorce or separation or in connection with a separation agreement, divorce decree, or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit; . . . ."

What debts are within the scope of § 523(a)(15)? First, domestic support obligations are debts described at § 523(a)(5). Domestic support obligations are outside the scope of subsection (a)(15). Domestic support obligations are defined at Bankruptcy Code § 101(14)(A). There is no argument that any claim by Tokach is a domestic support obligation.

Claims under (a)(15) must be to a spouse or former spouse. Tokach is a former spouse.

The claim must have been incurred by the debtor (a) in the course of a divorce or separation; or (b) in connection with a separation agreement, divorce decree, or other order of the court of record; or (c) a determination made in accordance with State or territorial law by a governmental unit.

Here there was no separation agreement. There was no divorce decree or other order of any court of record or any determination by a governmental unit giving Tokach a claim against Landseadal.

The marital dissolution proceeding between Tokach and Landseadal is still pending. Landseadal's bankruptcy case has been closed. The chapter 7 trustee was given notice of this

adversary proceeding and declined to participate.  While Tokach
is enjoined by the discharge injunction in this case from
pursuing any claims against Landseadal based on any of the
elements of § 523(a)(2), (4), or (6), he is not barred from
asserting in the course of the marital dissolution any claims he
may have under § 523(a)915).

   While the parties to this adversary proceeding spent a great
deal of time arguing the legal issues, they failed to come
forward with any facts that describe the obligations of
Landseadal to Tokach, if any, that would allow this court to
conclude whether there are any obligations under § 523(a)(15).
That determination is better left for the family law court.

   What is crystal clear is that to the extent Tokach seeks to
make claims in the family court based on the allegations in his
2006 complaint on the grounds of which he seeks to have an
obligation declared nondischargeable under § 523(a)(2)(A);
§ 523(a)(4); or § 523(a)(6), such claims are barred and enjoined
by the discharge injunction in this chapter 7 case.

   Any legitimate claims under § 523(a)(15) are not barred.

   The court will issue a separate order.

DATED: February 5 , 2010.

_____
WHITNEY RIMEL, Judge
United States Bankruptcy Court

6

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA )
) ss.
COUNTY OF FRESNO )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On February 5, 2010, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

David M. Gilmore, Esq.
P. o. Box 28907
Fresno, CA 93729-8907

L. Clarke Rountree, Esq.
2505-B W. Shaw Ave., #190
Fresno, CA 93711

Victor Tokach
1635 Rosecrans St., #D
San Diego, CA 92106

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on February 5, 2010, at Fresno, California.

_____
Kathy Torres, JLS

7